UNITED STATES DISTRICT COURT

FILED

FOR THE DISTRICT OF NEW MEXICO

03 JUL 15  PM 4: 24

SEBASTIAN ECCELSTON,

Petitioner,

v.                                                    CIVIL NO. 03-406 BB/DJS

TIM LeMASTER, Warden,

Respondent.


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28

U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in CR No. 94-03191 in

the First Judicial District, Bernalillo County, of New Mexico. In that proceeding Petitioner was

convicted pursuant to a guilty plea of one count of First Degree Murder (Depraved Mind) and one

count of Conspiracy to Commit First Degree Murder (Depraved Mind). Petitioner was sentenced to

a term of imprisonment of life imprisonment plus nine years. That sentence was set to run

concurrently with a federal sentence which Petitioner was serving at the time the judgment was

entered.

2. Petitioner challenges his conviction and sentence on the grounds that he was afforded

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and
recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to
such proposed findings and recommendations. A party must file any objections within the ten-
day period allowed if that party wants to have appellate review of the proposed findings and
recommendations. If no objections are filed, no appellate review will be allowed.

19

ineffective assistance of counsel and that his guilty plea was involuntary. Petitioner contends that his attorney failed "in all aspects of proceedings" and that his attorney used coercion to obtain his guilty plea. In addition, Petitioner asserts that his attorney falsely promised that Petitioner would serve his sentence in federal custody if he plead guilty and that his counsel failed to investigate Petitioner's history of psychiatric disorders. Petitioner's claim that his guilty plea was involuntary rests upon the assertion that the false promise that he would serve his sentence in federal custody coerced his guilty plea, which he would not have entered absent the promise.

3.  28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies as to the claims brought in the instant petition. However, Respondent asserts that the petition is time barred. The Court agrees.

4.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review.28 U.S.C. §2244(d)(1)(A).[2] Alternatively, the time begins to run from the date on which  an impediment to filing an application created by State action in violation

---

[2]Circuit Courts of Appeal have held that a judgment is not final and the one-year period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review or, if no petition for *certiorari* is filed with that Court, the time to file such a petition has passed. Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir. 1999) cert. denied, 528 U.S. 1084 (2000) (citing cases).

of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action. 28 U.S.C. §2254(d)(1)(B). The time period may also begin to run on the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). In any event, the one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. Petitioner's judgment and sentence was entered on November 7, 1996, after the effective date of the AEDPA. Answer, Exhibit B. His conviction became final ninety days after that, on February 5, 1997, when his time to seek a writ of *certiorari* from the United States Supreme Court had passed. Petitioner did not seek collateral review in the New Mexico courts until September 17, 1999, well after the one year limitation imposed by the AEDPA had passed.[3] Answer, Exhibit D. Petitioner filed a second state *habeas* petition on December 9, 2002. Answer, Exhibit H. That petition was denied on January 9, 2003 and *certiorari* review declined on February 10, 2003. Answer, Exhibits I, K. This federal *habeas* petition was filed on March 31, 2003. However, the one-year period of limitation expired long before Petitioner's initial state *habeas* petition was filed.

6. Petitioner is not a candidate for equitable tolling. Not only would a claim of actual innocence be at odds with his guilty plea, but no such claim is made by him. See Schlup v. Delo, 513 U.S. 298, 324 (1995) (holding that a petitioner must support his allegations of innocence with

---

[3] Petitioner's first state *habeas* petition was successful in that his conviction for Conspiracy to Commit First Degree Murder (Depraved Mind) was overturned on the ground that it is a nonexistent crime under New Mexico law. Answer, Exhibit E. Petitioner's request to set aside his guilty pleas was denied and he was left to serve his life sentence for First Degree Murder (Depraved Mind).

"new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"). In response to Respondent's motion to dismiss the instant action, Petitioner asserts that he filed this action within one year of the date on which the impediments to his bringing such a claim were removed. However, the one year period of limitation runs from the "date on which the impediment to filing an application *created by State action in violation of the Constitution or laws of the United States* is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. §2244(d)(1)(B) (emphasis added). Petitioner argues that he was prevented from bringing the instant action until the resolution of his first state *habeas* petition and the denial of his motion to withdraw his plea upon his successful challenge to his conviction for conspiracy to commit first degree depraved mind murder. Petitioner contends that the state court's refusal to allow him to withdraw his plea was unconstitutional.

7. Petitioner was not subject to state action in violation of the laws or Constitution of the United States. To the extent his due process rights were violated by his conviction for a crime which was later found to be nonexistent under New Mexico law, see State v. Baca, 950 P.2d 776, 788 (N.M. 1997)(Holding that conspiracy to commit depraved-mind murder is a nonexistent crime in New Mexico, because conspiracy requires both intent to agree and intent to commit offense which is object of conspiracy and depraved-mind murder is unintentional killing resulting from highly reckless behavior), he received full relief from the state courts with the removal of that conviction and the suspension of his nine-year sentence for that crime. Petitioner contends that he could not have known the factual predicates of his claim until the decision in Baca, *supra*, was published. While that is true with regard to his challenge to his conspiracy conviction in state court, it does not apply to his challenges to his first degree murder conviction on the basis of ineffective assistance of

4

counsel or the claim that his guilty plea was involuntary due to an unfulfilled promise to serve his sentence in federal custody. Leaving aside the issue of state action in violation of the laws or Constitution of the United States, even if the conclusion of Petitioner's first state *habeas* petition removed an impediment to his filing the claims in this petition, well over a year passed between the resolution of that first state petition and the filing of Petitioner's second state *habeas* petition. The notice of Petitioner's amended judgment and sentence was filed on December 13, 1999. Answer, Exhibit G. Petitioner did not file his second state *habeas* petition until December 9, 2002. Answer, Exhibit H. The one-year period of limitation would have expired a second time during that interim.

8. Petitioner seeks equitable tolling of the one-year period of limitation on other grounds. He raises the specter of his competence to plead guilty; however, he has failed to bring and exhaust that claim before the state courts and asserts it in a conclusory fashion. Alternatively, Petitioner contends that his access to the courts has been restricted by the New Mexico Department of Corrections. However, Petitioner's general claims of lack of access to legal materials are insufficient to obtain him relief. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) cert.denied, 525 U.S. 891 (1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

9. Petitioner submitted motions for appointment of counsel on April 28, 2003 and May 23, 2003 (Docket Nos. 9, 13). Given the time bar to Petitioner's claims, appointment of counsel would be futile and those motions should be denied. In addition, on May 23, 2003, Petitioner sought a ninety-day extension of time (Docket No. 14) to respond to Respondent's Motion to Dismiss. Petitioner's Response has been considered in rendering these proposed findings and that motion should be granted.

## RECOMMENDED DISPOSITION

That Petitioner's Motion for Appointment of Counsel filed April 28, 2003 be denied; that Petitioner's Motion for Appointment of Counsel filed May 23, 2003 be denied; that Petitioner's Motion for Extension of Time to respond filed May 23, 2003 be granted;

**Further,** hat this petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. §2244(d)(1).

DON J. SVET
UNITED STATES MAGISTRATE JUDGE

6